### Seba Howard *vs.* Charles Albro.

A judgment for the plaintiff, by agreement of the parties, for damages and costs in an action for trespass upon land in answer to which the defendant denied the trespass and set up a right of way over part of the land, is evidence of a trespass upon some part of the land only, and no evidence that the defendant had not such a right of way.

Tort for breaking and entering the plaintiff's close in Easton. Answer, a general denial of the plaintiff's allegations; and an allegation of a right of way over the premises.

At the trial in the superior court, the plaintiff proved title to the premises, and the crossing of the same by the defendant in 1866 for the purpose of taking hay from his adjacent land. The defendant introduced evidence tending to prove a right of way in himself by adverse possession; and the plaintiff introduced evidence to the contrary.

The plaintiff offered in evidence the record of the superior court at December term 1863 in an action of tort brought by this plaintiff in December 1862 against this defendant for a like trespass upon the same close, in answer to which the defendant put in issue the plaintiff's allegations and set up a right of way from his own adjacent land, and in which by agreement of parties judgment was rendered for the plaintiff for the sum of fifteen dollars and costs. *Rockwell*, J. ruled that so much of that record as showed the time of commencing that action, and the declaration and answer therein, might be read as evidence tending to show that the defendant's use of the way was not continuous; but ruled that the record was not conclusive evidence, or even competent in connection with the other evidence in the case, to show that the defendant had not the right of way which he claimed; and excluded so much of the record as stated the rendition of the judgment. The verdict was for the defendant, and the plaintiff alleged exceptions.

*E. Ames*, for the plaintiff.

*J. Brown & C. A. Reed*, for the defendant, were stopped by the court.

GRAY, J. The agreement and judgment in the former action only showed that the defendant had trespassed upon some part of the plaintiff's close, without showing upon what part, and were quite consistent with his having the right of way which he then and now claimed *Hall* v. *Mayo*, 97 Mass. 420. The plaintiff therefore has no ground of exception.

*Exceptions overruled.*